COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

December 23, 2014

Seth D. Rigrodsky, Esquire
Rigrodsky & Long, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Re:   *In re Zhongpin Inc. Stockholders Litigation*
      C.A. No. 7393-VCN
      Date Submitted: December 18, 2014

Dear Counsel:

Defendants Raymond Leal, Yaoguo Pan, and Xiaosong Hu (collectively, the "Special Committee Defendants") seek certification of an interlocutory appeal of this Court's Memorandum Opinion[1] of November 26, 2014 (the "Memorandum Opinion") and its implementing order. The Special Committee Defendants had argued that claims against them should be denied because of the exculpatory provision in Zhongpin Inc.'s charter adopted pursuant to 8 *Del. C.* § 102(b)(7). The Court rejected that argument in the context of this entire fairness case and

---

[1] *In re Zhongpin Inc. S'holders Litig.*, 2014 WL 6735457 (Del. Ch. Nov. 26, 2014).

relied upon *In re Cornerstone Therapeutics Inc. Stockholders Litigation.*[2] The defendants in *Cornerstone,* who are in substantially the same position as the Special Committee Defendants, sought an interlocutory appeal, which this Court certified[3] and which the Supreme Court accepted.[4]

The trial court's decision to certify an interlocutory appeal is governed by Supreme Court Rule 42. The grounds for certifying *Cornerstone I* for appeal and for certifying the Memorandum Opinion for interlocutory appeal are substantially the same. Briefly, the decision not to dismiss the claims against the Special Committee Defendants determines a substantial issue because, if reversed, the Special Committee Defendants may extricate themselves from this litigation as parties. Second, the Memorandum Opinion establishes a legal right in that it requires the Special Committee Defendants to remain as parties to this litigation without the ability to assert currently their Section 102(b)(7) defense. Finally, the Memorandum Opinion satisfies the requirements of Supreme Court Rule 42(b)(i)

---

[2] 2014 WL 4418169 (Del. Ch. Sept. 10, 2014) ("*Cornerstone I*").
[3] *In re Cornerstone Therapeutics Inc. S'holders Litig.*, 2014 WL 4784250 (Del. Ch. Sept. 26, 2014) ("*Cornerstone II*").
[4] *In re Cornerstone Therapeutics Inc. S'holders Litig.*, No. 564, 2014 (Del. Oct. 9, 2014) (ORDER).

by meeting the "conflicting decisions" criterion for certification of questions of law as provided in Supreme Court Rule 41(b)(ii).

In addition, as a practical matter, resolution of whether a 102(b)(7) defense is currently available would serve the considerations of justice[5] and, potentially, might significantly limit litigation costs and burdens for the Special Committee Defendants.[6]    In sum, it is appropriate to certify the Special Committee Defendants' interlocutory appeal, despite the fact that, even if the Special Committee Defendants are successful, this litigation will not be fully concluded.

An implementing order will be entered.[7]

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Robert S. Saunders, Esquire
        Register in Chancery-K

---

[5] *See* Del. Supr. Ct. R. 42(b)(v).

[6] In short, the Court follows the reasoning of *Cornerstone II* in certifying an appeal.

[7] With the granting of the Special Committee Defendants' motion, it is unnecessary to address their motion to stay this proceeding pending resolution by the Supreme Court of the appeal in *Cornerstone*. The application to stay was presented as an alternative to the motion to certify an appeal.